**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| DAVID MCNARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-05003-SW-DW |
| | ) | |
| SCHREIBER FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SUMMARY JUDGMENT ORDER**

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 31). Defendant claims it is entitled to summary judgment since there is no genuine issue of material fact as to the following elements of Plaintiff's claim: (1) that Plaintiff was actually a qualified individual with a disability; (2) that Plaintiff was regarded by Defendant as disabled; or (3) that Defendant's legitimate, nondiscriminatory reason for terminating Plaintiff was a pretext for disability discrimination.

As a preliminary matter, in his Sur-Reply, Plaintiff asks this Court to strike the affidavit of John Lucas since Defendant did not disclose Mr. Lucas as a potential witness in its Rule 26(a)(1) disclosures. Even if this Court were to interpret the disclosure of Mr. Lucas as necessary under FRCP 26(a)(1), the remedy of striking his affidavit is not appropriate in this case. The Court finds any potential failure to disclose harmless and inadvertent.

I.      Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgement is appropriate. Case v. ADT Automotive, 17 F. Supp. 2d 1077 (W.D. Mo. 1997) *citing* Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992).

In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. Anderson v. Liberty Lobby, 477 U.S. 242, 252-255 (1986); Inland Oil and Transport Co. v. United States, 600 F.2d 725, 727 - 28 (8th Cir.), cert. denied, 444 U.S. 991 (1979).

II.     Facts

Plaintiff McNary suffers from Graves Disease and diabetes. Graves hyperthyroidism is an autoimmune disorder which may or may not involve the eye.

Defendant manufactures and distributes dairy products, including cheese, milk and butter. Plaintiff began working in Defendant's Carthage facility on October 9, 1978. Beginning in 1999, Plaintiff was an employee in the Sanitation Department. The essential functions of a sanitation employee are listed in Defendant's Position Description. These duties included assisting in clean-up of Shred processing/packaging equipment, utilizing hand tools, power sprayers, rinsing units and sanitation chemicals. Plaintiff could not work in the Shred Department because of the dust and was unable to perform some of the other listed duties because heights made him dizzy.

Plaintiff admits that he can perform his duties in the sanitation department, as long as he was provided assistance in performing certain tasks he was unable to perform and was allowed

unscheduled breaks when he suffered severe headaches, eye pain, tremors and/or dizziness. Plaintiff admits that he cannot perform his job without these accommodations.

At the time of his termination, Plaintiff had no work restrictions on file with Defendant. There were numerous letters from Plaintiff's treating physicians which stated that Plaintiff was able to work without restriction. Plaintiff states, however, that he had multiple conversations with supervisors regarding his need for intermittent sick breaks and that he was restricted from performing certain aspects of his job.

Plaintiff arrived at work on September 22, 2005, to clean the wet and dry compactors. Defendant states that cleaning both compactors takes about one to one-and-a-half hours. Plaintiff, however, stated that he believed his work would take four to five hours to complete. As a sanitation employee, Plaintiff was entitled to one fifteen minute regular break if the employee was expected to work approximately four hours.

Approximately ten minutes after he began cleaning the compactors, Plaintiff became dizzy, sick to his stomach and lightheaded. Plaintiff left the compactors and his equipment and returned to the sanitation cage. There he sat down and closed his eyes. Plaintiff states that he was sitting in the sanitation cage for ten to fifteen minutes before he realized that his supervisors Tom Johnston ("Johnston") and Jeremy Swarnes ("Swarnes") were standing near him.

Defendant claims that Swarnes entered the sanitation room and found Plaintiff to be "dead asleep." Swarnes then brought Johnston into the cage to show him that Plaintiff was sleeping on duty. The two claim that they observed that Plaintiff's head was back, his mouth was open and his eyes were shut. Both believed, based on personal observation, that Plaintiff was asleep. Johnston claims that he shook Plaintiff and Plaintiff appeared to wake-up.

Johnston then asked Plaintiff if he was sleeping. Plaintiff told him that he was not asleep

but he had "a headache and eye pain." Plaintiff claims he reminded Johnston that he had Graves disease, was diabetic, and he had eye surgery that caused him pain. Johnston then allegedly told Plaintiff that this was Plaintiff's problem and that Plaintiff should go home if he did not feel well. Plaintiff finished cleaning the compactors and went home.

Plaintiff then received a Correction Action Form placing him on suspension due to a Group III violation. Sleeping on duty is defined in Defendant's Work Rules and Corrective Action Policy as "intentionally leaving work area, other than regular break time, for the purpose of sleeping." It is "gross misconduct," a Group III violation, the most serious offense. The policy allows, however, any employee to sleep while on an authorized break.

Johnston and Swarnes presented the facts of Plaintiff's corrective action to the management team. The management team agreed to terminate Plaintiff. Johnston called Plaintiff and informed him that he had been terminated.

Disciplinary decisions, such as termination, were appealable to the plant manager or through the peer review process. Plaintiff requested a peer review of the decision. The peer review committee consisted of trained employees whose names were selected from a box by Plaintiff. On October 3, 2005, Plaintiff met with the peer review committee. Plaintiff received a call later that day informing him that the peer review committee had upheld the termination.

III.    Analysis

Plaintiff's complaint contains one allegation— that Defendant violated his rights under the Americans with Disability Act ("ADA"), 42 U.S.C.A. 12101, et seq. To establish a prima facie case under the ADA, Plaintiff must show 1) he is disabled; 2) he is qualified to perform the essential functions of the employment position, with or without reasonable accommodation; and 3) he has suffered an adverse employment action because of her disability. Otting v. J.C. Penney

<u>Co.</u>, 223 F.3d 704, 708 (8th Cir. 2000).

"Once a plaintiff has proven a prima facie case, the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. If the employer does so, the burden shifts back to the employee to prove that the reason was pretextual." <u>Henderson v. Ford Motor Co.</u>, 403 F.3d 1026, 1034 (8th Cir. 2005). "[P]laintiff 'must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination.'" <u>Wilking v. County of Ramsey</u>, 153 F.3d 869, 874 (8th Cir. 1998), *citing* <u>Mathews v. Trilogy Communications, Inc.</u>, 143 F.3d 1160, 1165 (8th Cir. 1998). It is not enough for Plaintiff to show that his employer's action "was ill-advised or unwise." <u>Id</u>. Plaintiff must show that the excuse the employer offers is "phony." <u>Id</u>.

Even if Plaintiff could prove a prima facie case, he cannot survive summary judgment as to the pretext issue. In stating that it fired Plaintiff for violating company policy prohibiting sleeping on the job, Defendant has provided a legitimate, nondiscriminatory reason for Plaintiff's termination. <u>See</u> <u>Twymon v. Wells Fargo & Co.</u>, 462 F.3d 925, 935 (8th Cir. 2006) ("violating a company policy is a legitimate, non-discriminatory rationale for terminating an employee . . ."). The burden then shifts to Plaintiff to show that Defendant's proffered reason is pretext.

Plaintiff first argues that he did not violate company policy in that (1) he was not actually sleeping, (2) he did not leave his work area[1] and (3) he was on a scheduled break. The question, however, is not whether Plaintiff was actually violating the sleeping policy but whether Defendant believed Plaintiff was sleeping in violation of the policy. <u>See</u> <u>Scroggins v. University</u>

---

[1]Plaintiff's argument that he did not violate company policy since he was sleeping in the sanitation cage lacks credibility. If this Court were to follow Plaintiff's line of reasoning, the policy would be read to permit employees to sleep whenever as long as they were on the work room floor. While this Court must draw every reasonable inference in Plaintiff's favor, this inference is not reasonable.

of Minn., 221 F.3d 1042, 1045 (8th Cir. 2000). "A proffered legitimate, non-discriminatory reason for termination need not, in the end, be correct if the employer honestly believed the asserted grounds at the time of the termination." Twymon v. Wells Fargo & Co., 462 F.3d 925, 935 (8th Cir. 2006).

Plaintiff thus argues that Defendant did not honestly believe the asserted grounds since Defendant treated similarly situated persons differently. While disparate treatment is evidence of pretext, Plaintiff has the burden of proving that the comparators are similarly situated in all respects. Sherman v. Runyon, 235 F.3d 406, 409 (8th Cir. 2000). Plaintiff's record citations prove that there were other employees who slept during company time. He has not shown, however, that these employees were truly similarly situated in that there is no evidence that (1) the employees were not sleeping on a legitimate break as authorized under the policy or (2) that his supervisors were aware of any violations of the policy or had a good faith belief that violations had occurred. Accordingly, Plaintiff has failed to present evidence to create a genuine issue as to disparate treatment.

Whether or not this Court would have acted similarly is not the question, the analysis is whether Defendant's stated reason for termination is a cover for an illegal discriminatory motive. Johnson v. Ready Mixed Concrete Co., 424 F.3d 806, 812 (8th Cir. 2005) ("One reason we emphasize this point is that a number of plaintiffs present a sympathetic situation in which the employer's judgment in imposing discipline may appear poor or erroneous to outsiders. It is tempting to think that the role of the federal courts is to offer a remedy in that sort of case."). Plaintiff has failed to present any such evidence.

Accordingly, Plaintiff has failed to show that there is a genuine issue of material fact as to whether Defendant's proffered excuse is pretextual. For the foregoing reason, the Court hereby

GRANTS Defendant's Motion for Summary Judgment.



Date:    September 13, 2007                         /s/ Dean Whipple
                                                                    Dean Whipple
                                                          United States District Judge